UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **CHESTER L. JOHNSON, JR.** | **CIVIL ACTION NO. 22-5816-P** |
| **VERSUS** | **CHIEF JUDGE DOUGHTY** |
| **CADDO CORRECTIONAL CENTER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Chester L. Johnson, Jr. ("Plaintiff") is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He filed a civil rights complaint against the Caddo Correctional Center, the Caddo Correctional Center Nursing Agency, Kelli Hayes, and the Caddo Correctional Center SIU Department. Plaintiff claims prison officials have been deliberately indifferent to his physical and mental issues and have hindered his recovery. He also claims they have ignored or downplayed his requests for medical treatment and protection. He claims prison officials have found ways to punish him and to keep him out of general population to protect the nursing agency. He claims he has been beaten and subjected to cruel and unusual punishment.

Plaintiff filed an order to show cause for a motion for temporary restraining order and a motion for preliminary injunction (Doc. 4). He asks that the court grant injunctive relief, a restraining order, and a transfer. He claims he has been beaten and threatened. He claims no officials are considerate of his well being because of past encounters and

accusations he has made. He claims he is being targeted because of his courage to obtain legal help and act.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are typical prison complaints and are capable of ready resolution through the ordinary litigation process. The allegations in this motion do not present a substantial likelihood of success on the merits at this time. They are the same allegations as in his complaint. This court has ordered Plaintiff to file an amended complaint to give specific details regarding his allegations.

Accordingly;

**IT IS RECOMMENDED** that the order to show cause for a motion for temporary restraining and motion for preliminary injunction (Doc. 4) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See <u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 8th day of August, 2023.



Mark L. Hornsby
U.S. Magistrate Judge